USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1962 DEBRA HORTA, Plaintiff, Appellant, v. CHARLES B. SULLIVAN, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Sheila M. Tierney with whom Tierney Law Office was on brief for __________________ ___________________ appellant. Linda M. Walsh with whom Kroll & Tract was on brief for appellees ______________ _____________ Charles B. Sullivan, Paul G. Sadeck, Edward Mello and the Town of Freetown. James F. Gettens with whom Healy & Rocheleau, P.C. was on brief _________________ ________________________ for appellees Jeffrey Mennino, James K. Bowles, and the Town of Lakeville. ____________________ September 29, 1994 ____________________ CAMPBELL, Senior Circuit Judge. In our earlier ______________________ disposition of this appeal1, we disposed of all claims except appellant's claim against the town of Lakeville under the Massachusetts Tort Claims Act, Mass. Gen. L. ch. 258 (Count IV). We retained appellate jurisdiction over the latter claim against Lakeville pending an answer to the following question, which we certified to the Massachusetts Supreme Judicial Court pursuant to its Rule 1:03: Do the discretionary decisions of a police officer to begin and continue the high-speed pursuit of a vehicle then being operated in violation of law involve policymaking or planning for purposes of immunity under Massachusetts General Law ch. 258, 10(b)? The Massachusetts court has now answered that question in the negative. Horta v. Sullivan, 418 Mass. 615, _____ ________ 615 (1994). Accordingly, Mennino's actions were not entitled to immunity under 10(b), and the district court's granting of summary judgment on Count IV in favor of Lakeville was improper.2 Horta v. Sullivan, 4 F.3d 2, 24 (1st Cir. 1993). _____ ________ ____________________ 1. Horta v. Sullivan, 4 F.3d 2 (1st Cir. 1993). ________ 2. Although for other reasons we earlier vacated summary judgment on appellants' claim against Freetown under the Massachusetts Tort Claims Act, Horta, 4 F.3d at 25, the _____ answer of the Massachusetts Supreme Judicial Court to our certified question appears germane to that claim as well, as we thought might be the case. Id. Since that claim is no ___ longer before us, however, we do not address it at this time, but leave to the parties and the district court any action that may be appropriate in light of the Massachusetts court's opinion. -2- We therefore vacate summary judgment on this claim and remand to the district court for further proceedings consistent with our opinion herein and the opinion of the Massachusetts Supreme Judicial Court. We note that while our certification was pending before the Massachusetts high court, the Massachusetts state legislature amended the Massachusetts Tort Claims Act. See Act approved January 14, 1994, 1993 ___ Mass. Legis. Serv. ch. 495, 57, 144 (H.B. 5620) (West). The Supreme Judicial Court did not rule on how these amendments might affect Horta's claim, if at all, since the issue was not before it. See Horta, 418 Mass. at 622 n.14. ___ _____ We similarly do not reach this issue, but anticipate that the district court, if called on to do so by one or more of the parties, will rule on the materiality of these amendments to the pending claim and will factor the amendments into its final outcome if and to the extent appropriate. Count IV is vacated and remanded. ________________________________ -3-